Argued and submitted December 16, 1981, affirmed May 26, reconsideration denied July 8, petition for review denied August 3, 1982 (293 Or 456)

# STATE OF OREGON,
*Respondent,*

*v.*

# DWIGHT PHILLIP FOX, JR.,
*Appellant.*

## (No. 81-2336-C, CA A22091)

645 P2d 588

Penny Lee Austin, Medford, argued the cause for appellant. With her on the brief was Grant, Ferguson & Carter, Medford.

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Defendant was cited for driving outside the restrictions on the license issued to him after his driver's license was suspended. He appeals his conviction, after trial to the court, of driving while suspended. ORS 487.560.[1] We affirm.

Defendant was arrested at 1:38 a.m., while driving to a motel after having consumed alcoholic beverages. At trial, the state introduced the order suspending defendant's license and proof of mailing of notice. It also introduced testimony of the arresting officer, who saw the restrictions imprinted on defendant's license. The officer testified that defendant was prohibited from engaging in social driving and that he was driving "three hours or more" after the permissible hours.

Defendant contends that there was insufficient evidence to prove that he was driving outside the restrictions on his license. First, he argues that the officer's testimony should be excluded as secondary evidence under the best evidence rule. He argues, without citing authority, that his driving record would be the best evidence of the restrictions on his license.

It is not clear to us that this is a case where the best evidence rule is applicable. Defendant's driving record could be considered merely to record facts of essentially non-written transactions and testimony as to these facts is not generally considered to be within the scope of the rule. McCormick, Evidence 563-64, § 234 (2d ed Cleary 1954). Furthermore, even if applicable, the best evidence rule is not to be applied where the party invoking it does not challenge the accuracy of the secondary evidence offered. *State v. White*, 4 Or App 151, 156, 477 P2d 917 (1970). Defendant does not contend that the officer's testimony was inaccurate; therefore, "the mystical ideal of seeking

---

[1] ORS 487.560(1) provides:

"A person commits the crime of driving while suspended if he drives a motor vehicle upon a highway during a period when his license or permit to drive a motor vehicle or his right to apply for a license to drive a motor vehicle in this state has been suspended by a court or by the division or revoked by the division or if he drives a motor vehicle outside the restrictions of a license issued under ORS 482.475 or 482.477."

'the best evidence' or the 'original document' will not be pursued." *State v. White, supra,* 4 Or App at 156.

■ Defendant's second contention, that there was insufficient evidence to convict without his driving record, is equally without merit. The officer's testimony about the restrictions on defendant's license was sufficient evidence from which the trier of fact could find that defendant was guilty of driving beyond the restriction.

Affirmed.